JOHN H. McCORMICK, ADMR., ETC., V. GEORGE DUNKER ET AL.

1. NEXT OF KIN.

The words "next of kin" will not be taken in their technical sense in construing a will, where it clearly appears from the context that a different meaning was intended.

2. BEQUESTS TO CHARITABLE INSTITUTIONS.

If bequests are made to charitable institutions under defective appellations which are not generic, the ambiguity may be removed by extrinsic evidence.

**Cohen & Mack,** for John H. McCormick.

**W. W. Bellew** and **Herman Merrell,** for the next of kin of Catherine McCormick.

**Chris Von Seggern,** for German General Protestant Orphan Asylum.

**Arnold Speiser,** for St. Aloysius Orphan Asylum.

**W. W. Bellew,** for the Dunker heirs.

JELKE, J.

Technical words in a will must be taken in their technical sense unless the contrary clearly appears from the context. We are of opinion that it clearly appears from the will of Henry Duncan (Dunker), deceased, that his widow's second husband, McCormick, was not included, meant or intended within the term "next of kin" as used in said will, notwithstanding that term's legal or statutory signification.

Construing the provision for the German Protestant Orphan Asylum in view of decedent's nativity, residence and associations, and in view of the general and colloquial appellation given to a particular institution in this city, we find no difficulty in finding that testator had in mind and

intended to designate the German General Protestant Orphan Asylum now situated on Mt. Auburn, in Cincinnati.

The difference between the case at bar and the cases cited by counsel resisting this interpretation, is that in all these latter cases the name has been a generic one, as "the Sisters of Charity," in Moran v. Moran, 73 N. W. Rep. 617 [104 Ia. 216] ; while in the case at bar there has been a manifest effort to nominate a particular institution, but ambiguity has arisen from an inaccurate or defective appellation. This uncertainty can be removed by extrinsic evidence.

The law is well stated in Page on Wills, Sec. 539, p. 622, where the text is well supported by citations to cases adjudicated by high authority :

"Misnomer is especially frequent in devises to charitable corporations. The real names of such corporations are often never used and never known by people generally ; and many testators do not feel the need, in preparing a will, of getting the real name of the proposed beneficiary. They prefer to guess at the name. Hence the number of adjudicated cases upon this point.

"It is an elementary principle that where a corporation is indicated in a will by an erroneous name, such a mistake will not avoid the gift if it is possible by means of the name used, or by extrinsic evidence, to identify the corporation 'intended as beneficiary with sufficient certainty."

Also see Woman's Union Missionary Soc. v. Meade, 131 Ill. 33 [23 N. E. Rep. 603].

"A mistake in the name or description of a legatee or devisee, whether an individual or a corporation, will never render a bequest void, if the name and description used in the will, as applied to the facts and circumstances proved, will identify such person or corporation."

When we come to the provision of the will for the "Catholic Orphan Asylum" we are not so certain. There is one more element of ambiguity as to this bequest, because, at the time of the making of the will there were two institutions in Cincinnati which might answer this appellation. But, taking the will as a whole, and remembering the facts and circumstances of the testator, and noting that German orphans were peculiarly the objects of his bounty, and that the word "Catholic" was used as complementary to the word "Protestant," we come to the conclusion that the particular institution intended was the German Catholic Orphan Asylum ; that is, the institution whose corporate name is and was "the St. Aloysius Orphan Society."

Decree accordingly.